# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANK OF THE WEST, a California state banking corporation,<br><br>    Plaintiff,<br><br>-vs-<br><br>63rd ASSOCIATES, LLC, an Oklahoma limited liability company, et al.,<br><br>    Defendants. | Case No. CIV-20-0379-F |

## ORDER

The court has a duty to inquire into its own jurisdiction. <u>Tuck v. United Services Automobile Assoc.</u> 859 F.2d 842, 844 (10th Cir. 1998). Upon review of the complaint, it is apparent the court's subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The complaint, however, does not adequately allege facts regarding the citizenship of the parties that are limited liability companies. The complaint alleges that all members of the three defendants that are limited liability companies (63rd Associates, LLC; JO Investment Properties, LLC; and Birdwell Family, LLC) are residents and citizens of Oklahoma. That is insufficient because the party invoking the court's jurisdiction must allege the

identity of each member of the LLC, as well as the specific[1] state or states in which each member is a citizen, down through all layers of membership.[2]

Plaintiff, as the party invoking this court's jurisdiction, is **DIRECTED** to file, within fourteen days of the date of this order, a First Amended Complaint which provides the missing jurisdictional information. Allegations may be based on information and belief. Absent compliance, this action may be dismissed without prejudice or other measures may be taken.

IT IS SO ORDERED this 27th day of April, 2020.

                                                                                    _____
                                                                                    STEPHEN P. FRIOT
                                                                                    UNITED STATES DISTRICT JUDGE

20-0379p001.docx

---

[1] *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the State of New York is "clearly insufficient to establish diversity jurisdiction").

[2] For example, if a member is an individual, then jurisdictional information is required regarding the individual's specific state of citizenship (as opposed to the individual's residency, which is not the same). If a member is an entity, then the nature of the jurisdictional information required depends upon the type of entity.